**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 23-CR-380 (RMM)** |
| | : | |
| **DONNIE WISE,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial under 18 U.S.C. § 3142(f)(1)(E) (felony involving a firearm) and 18 U.S.C. § 3142(f)(1)(C) (controlled substance act offense) of the federal bail statute. The government also requests that the defendant be held pursuant to 18 U.S.C. 3142(f)(2)(A) (Serious Risk of Flight). There is a rebuttable presumption in favor of detention under 18 U.S.C. § 3142(e)(3)(A).

As discussed further below, the defendant stands charged with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Unlawful Possession with Intent to Distribute a Mixture, and Substance Containing a Detectable Amount of Cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c); Unlawful Possession with Intent to Distribute a Mixture, and Substance Containing a Detectable Amount of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c) and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The defendant has six prior arrests and three adult convictions.

1

The charged offenses reveal that on January 18, 2023 defendant Donnie Wise was in possession of illegal firearms and was in possession of cocaine and cocaine base in an amount that was consistent with distribution. Wise is a convicted felon – having previously been convicted of Attempt Assault With a Dangerous Weapon Firearm and Unlawful Possession of a Firearm in 2016 CF3 12647; Attempt Possession With Intent to Distribute A Controlled Substance Cocaine in 2016 CF2 01766 and Carrying a Pistol Without A License in 2015 CF2 017068. As a result, Wise is prohibited from possessing firearms and ammunition under federal law.

Title 18, United States Code, Section 924(c) imposes significant penalties for any person who "uses or carries a firearm" "during or in relation to a drug trafficking crime," or who "possess a firearm" "in furtherance of any such crime," including mandatory minimum and consecutive sentencing requirements, due to the particular danger of violence associated with illegal armed drug trafficking, such as the conduct that Wise has been charged with in this case. Relatedly, in the context of a pretrial detention hearing, "it shall be assumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" should the Court find that there is probable cause to determine that Wise committed an offense under Section 924(c). 18 U.S.C. § 1342(e)(3)(B).

Wise's prior criminal history demonstrate that his criminal conduct is increasingly serious and dangerous. Wise's instant offenses also demonstrate his repeated disregard for the rule of law, including compliance with firearm restrictions. On August 12th, 2023, officers responded to a family disturbance at 1703 Minnesota Avenue, Southeast, Washington, D.C. on two separate occasions where the defendant was residing. The complainant also told law enforcment that Wise was known to

carry firearms and that he had left two extended pistol magazines in a room that officers then recovered from the residence.[1]  At the time of their recovery, Wise had already left the location.

On August 18th, 2023 a live, real-time, video was posted at approximately 11:59 p.m. on the Instagram "Live" feature on the page of "bigb4l_donnie_frontstreet" the defendant was observed handling a suspected firearm.  On September 27th, 2023, a live, real-time, video was posted at approximately 11:15 p.m on the Instagram "Live" feature on the same renamed account of "bigfrontstreet_22" where the defendant again was observed handling a suspected firearm.

The government requests that the following points and authorities, as well as any other facts, arguments, and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

## I.   Procedural History

The defendant is charged by Indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) and other related charges.  At the defendant's initial appearance on November 14, 2023, the government orally moved for detention, and a detention hearing was scheduled for November 17, 2023.  The government now moves for detention pending trial pursuant to the above-referenced provisions of the federal bail statute.

## II.   Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  Specifically, the presentation of hearsay evidence is permitted.  *Id*.; *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it

---

[1] The recovered magazines were not operable and did not contain any ammunition.

will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *Smith*, 79 F.3d at 1210; *see also Williams*, 798 F. Supp. at 36.

Defendant Wise is charged with a Controlled Substance Act offense punishable by a maximum term of imprisonment of more than ten years (meeting the criterial of 18 U.S.C. § 3142(f)(1)(C)) that carries with it a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" where a judicial officer determines that there is probable cause to believe that the person committed the charged offense. 18 U.S.C. § 3142(e)(3) and (e)(3)(A). By itself, an indictment establishes that probable cause and triggers the presumption.

Under Section 3142(g), the Court must analyze four factors in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure appearance of the defendant in court or the safety of the community were he to be released. *See* 18 U.S.C. § 3142(e)(1).

Furthermore, a detention hearing must be held at the government's request if the defendant poses a serious risk of flight. 18 U.S.C. § 3142(f)(2)(A). When the government seeks to detain a defendant on the ground that the defendant is a risk of flight pursuant to 18 U.S.C. § 3142(f)(2)(A), the government must demonstrate the defendant's flight risk by a preponderance of the evidence.

*United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996). A judicial determination that a defendant should be detained pending trial on the ground of community safety must be supported by clear and convincing evidence. *United States v. Smith*, 79 F.3d 1208,1209 (D.C. Cir. 1996).

A.    **Nature and Circumstances of the Offense**

On January 18, 2023 at approximately 6:00 a.m. members of the Violent Crime Suppression Division executed the search warrant at the apartment.[2] **(Figure 1).**  Once officers made entry into the three-bedroom residence, they cleared the apartment and located the only person in the apartment, Donnie Wise who was sitting inside his bedroom (bedroom two).  Once handcuffed, the defendant stated that he was the only one who resided in the residence and that bedroom 2 was his bedroom. The defendant's clothes, a phone bill addressed to him as well as his cell phone was in bedroom 2.



**Figure 1**

---

[2] Beginning in or around October 2022, law enforcement began an investigation targeting illegal narcotics in the Southeast quadrant of Washington, D.C.  During that investigation law enforcement purchased cocaine from the same apartment at 1927 18th Street, Southeast, Apartment #2 from an individual who was not the defendant.

Based on what law enforcement found, and consistent with the earlier purchase of cocaine from the residence, the apartment was used for the manufacture and distribution of cocaine.  The kitchen was filled with drug making equipment such as digital scales, baking soda, empty zip lock bags and was located immediately outside the defendant's bedroom. **(Figures 2-5).**

 

**Figure 2**            **Figure 3**



**Figure 4**



**Figure 5**

A search of the defendant's bedroom revealed two firearms, a Zastava Arms ZPAP92, 7.62 x 39 millimeter caliber firearm, serial number Z92077952 with thirty rounds in the magazine and one round in the chamber **(Figure 6)** that was located right next to the bed and a Glock 17, 9 millimeter firearm, serial number BAC785 with twenty six rounds in the magazine and one round in the chamber, **(Figure 7-8).** In addition, officers located one 9 millimeter fifty round magazine containing fifteen rounds **(Figure 9)**, a Zigana PX-9 caliber gun box containing one 9 millimeter ten round capacity magazine and one nine millimeter seventeen round capacity magazine. Officers also found $280, three individual bullets of different calibers, thirty-nine rounds of .40 caliber ammunition, a sandwich bag containing empty yellow pill capsules, 21 grams of cocaine base **(Figure 10)** and 85 grams cocaine on a shelf where the television was located.



**Figure 6a**



**Figure 6b**



**Figure 7**



**Figure 8**



**Figure 9**



**Figure 10**

The DNA analysis from the Glock 17 magazine from the defendant's bedroom was interpreted as originating from two individuals.  The results are **5.0 sextillion** times more likely if the defendant, and an unknown, unrelated person are contributors than if two unknown, unrelated people are contributors.  The results from the weapon itself was interpreted as originating from three individuals and are **6.5 septillion** times more likely if the defendant and two unknown, unrelated people are contributors than if three unknown, unrelated people are contributors.  Overall, there is very strong support for inclusion that the defendant's DNA was on the Glock 17.  The DNA analysis from the Zastava Arms 7.62 x 39 caliber semi-automatic assault pistol was not suitable for comparison.[3]

A search of bedroom three revealed two rounds of .40 caliber ammunition, three grams of cocaine base, 35 grams of marijuana, $1638 and $30 in torn currency.  A search of bedroom one

---

[3] A search of bedroom one revealed three firearms, a Double Star Star-15, 5.56 millimeter caliber firearm, with no serial number that had nineteen rounds in the magazine and one round in the chamber, a Ruger SR9C, 9 millimeter caliber firearm with an obliterated serial number that had seventeen rounds in the magazine and one round in the chamber, and a Polymer 80 giggle switch, .40 millimeter caliber firearm with no serial number and nineteen rounds in the magazine and one round in the chamber.  The DNA analysis from the Double Star firearm was not informative and no comparisons could be made from the DNA recovered from the magazine.  The DNA analysis from the Ruger SR9C had limited support for exclusion of the defendant and the defendant was excluded as a possible contributor from the Polymer 80 giggle switch, .40 caliber semi-automatic pistol.

revealed 87 grams of cocaine.  A search of the kitchen revealed 16 grams of cocaine base; 346 grams of marijuana; knife with white residue; 2 Pyrex measuring cups containing white crack cocaine residue; open sandwich bag box, razor blade, package containing purple empty zips, package containing green/red zips, open baking soda; an Iphone and 4 digital scales.

While the defendant is also charged with a possessory offense, this Court has warned against discounting the inherent danger associated with these sort of weapons. *See United States v. Blackson*, No. 23-cr-25 (BAH), 2023 U.S. Dist. LEXIS 18988, at *21-22 (D.D.C. Feb. 6, 2023) (the absence of evidence of "use" "does little to detract from" the danger posed by a loaded firearm with one in the chamber "at the ready, on his person, and easily within reach"). The firearm in this case was loaded, with a round in the chamber, within easy reach – as in *Blackson*, it was "at the ready, on his person, and within easy reach." *Id.* At the time of his arrest, the defendant was a convicted felon and prohibited from possessing firearms—which "mak[es] evident his disregard of the law forbidding possession of a firearm and automatically rais[es] concern about whether he can be trusted to comply with any conditions of pretrial release." *Id.* at *23-24.

The charges faced by the defendant are serious enough that the possible maximum term of imprisonment the defendant faces upon conviction provides an incentive to flee. *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990).   This is the defendant's first federal charge and with his current charges he faces a consecutive sentence of 5 years with the 18 U.S.C. 924(c) charge.  Courts have repeatedly held that with serious charges and the possibility of considerable punishment comes "a substantial incentive to flee the United States."  *See United States v. Vo*, 978 F. Supp. 2d 41, 43 (D.D.C. 2013) (finding detention appropriate for Defendant facing stiff penalties for bribery and visa fraud).  Simply put, the defendant has no incentive to appear before this Court.

### B.      The Weight of the Evidence

The defendant was found in his bedroom with two firearms, a bag containing 21 grams of cocaine base and a bag containing 85 grams of cocaine.  The defendant admitted to law enforcement that it was his bedroom, that he was the only person in the apartment and law enforcement found a cell phone bill belonging to the defendant.  DNA analysis from the Glock 17 connects the Glock 17 to the defendant.  The weight of the evidence is very strong and weighs heavily in favor of detention.

As noted above, the evidence against the defendant is very strong.  The defendant has been charged by indictment with serious violations of the Controlled Substances Act.  The defendant was in possession of cocaine that was consistent with distribution.  *See* 18 U.S.C. § 3142(c)(3)(A); *United States v. Brown,* 538 F. Supp. 3d 154, 165 (D.D.C. 2021).  Even the possession with intent to distribute "9.11 grams of fentanyl and .89 grams of powdered cocaine" triggers such a presumption. *Brown*, 538 F. Supp. 3d at 165-66.  Here the government has presented convincing evidence that the defendant possessed cocaine with the intent to distribute while possessing multiple firearms.

All told, the evidence is not just strong, but overwhelming and as this Court noted, "if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself or the community if the government's allegation later prove to be true." *Blackson*, 2023 U.S. Dist. LEXIS 18988, at *29-30.  Similarly, here the weight of the evidence increases the prospects that the defendant will present a danger to the community.[4]

---

[4] While some judges in this Court have indicated that this factor should be given less weight, in *United States v. Blackson*, following a thorough review of the text of section 3142 and decisions analyzing this factor, Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." 2023 U.S. Dist. LEXIS 18988, at *29-30.  Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are – in accordance with the specific facts of this case – to determine whether pretrial detention is appropriate." *Id.*  In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision.  *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023).  The Second Circuit reached the same decision after

C.      **The Defendant's History and Characteristics**

On December 9, 2015 the defendant was arrested for Carrying a Pistol Without A License in 2015 CF2 01768.  The defendant pled guilty to the offense on February 19, 2016 and was placed on probation.  While on probation the defendant was arrested on July 9, 2016 for selling cocaine to an undercover police officer.  The defendant was found with 22 pink zip lock bags that field tested positive for cocaine.  On August 9th, 2016 the defendant was arrested in 2016 CF3 12647 and charged with Assault With a Dangerous Weapon (ADW) and Unlawful Possession of a Firearm for another offense he committed while on probation on May 20, 2016.  On April 20, 2017 the defendant pled guilty to Attempt Assault With a Dangerous Weapon and Unlawful Possession of a Firearm in 2016 CF3 12647 and Attempt Possession With Intent to Distribute Cocaine in 2016 CF2 010766.  Specifically, in the ADW matter, defendant began firing a handgun in the air and one bullet entered the window of the complainant's residence after he was struck by a cooking pot.  The defendant was confined to prison and was ultimately released from jail on December 21, 2018.

Now, on January 18, 2023, nearly five years later the defendant was arrested in an apartment, in his bedroom with large quantities of cocaine and two firearms in his bedroom.  Three other firearms were also found in the apartment.  On August 18th, 2023 law enforcement observed the defendant on Instagram Live with a suspected firearm.  On September 27th, 2023 law enforcement again observed the defendant on Instagram Live with a suspected firearm. **(Figure 11 & 12)**.

---

a thorough and careful analysis of the issue.  *United States v. Zhe Zhang*, 55 F.4th 141, 149-150 (2d Cir. 2022).  This Court should follow *Blackson* and *Zhang;* this factor should be given no less weight than any other factor.





**Figure 11**                                    **Figure 12**

The defendant is a drug dealer and this factor, as well, weighs in favor of detention. *See, e. g., United States v. Spear*, 2020 WL 7640875 at *2 (D. Col.) ("Even though the defendant's felony convictions are eleven years old, they are for the sale of a controlled substance and possession with intent to sell a controlled substance . . . The fact that these convictions involve essentially the same charges as the drug charges in this case, demonstrates that the defendant is a danger to the community if released based on the risk that he will continue to deal drugs."); *United States v. Anderson*, 2019 WL 4655900 (N.D.W.V.) (12 year old conviction weighed in favor of detention when it was similar to the charged offense); *United States v. Russell*, 2021 WL 5447037 (N.D. Ill.) (20 year old conviction weighs in favor of detention). In sum, within a span of eight years the defendant has been arrested with a firearm on *three* separate occasions and has been arrested while on probation for two different offenses.

The consistent theme with the defendant's criminal history is that he continually possesses illegal firearms and distributes cocaine. In the instant case the defendant was residing in an apartment from which law enforcement had purchased cocaine. The defendant was well aware of the cocaine and firearms within his bedroom because they were in plain view. Likewise, he was well aware of the

14

cocaine and other drug paraphernalia located in the kitchen because that too was in plain view.  In August and September law enforcement saw the defendant on Instagram live with a suspected firearm.  On August 12, 2023 law enforcement recovered two extended magazine from a home where the defendant was residing.

This conduct indicates that the defendant is both a danger to the community and a flight risk. The defendant's conduct and his continual access to firearms and cocaine demonstrate that no condition or combination of conditions would assure the safety of the community or his return to court were he to be released.  The third factor, the history and characteristics of the person, weighs heavily in favor of detention.

**D.     Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention.  As noted above, based on the charges in the indictment, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" where a judicial officer determines that there is probable cause to believe that the person committed the charged offense. 18 U.S.C. § 3142(e)(3) and 18 U.S.C. § 3142 (e)(3)(A).  Under the Bail Reform Act, 18 U.S.C. §§ 3142 et seq., "[t]he statutory language, as well as the legislative history, unequivocally establishes that Congress intended to equate traffic in drugs with a danger to the community."  *United States v. Strong,* 775 F.2d 504, 506 (3d Cir. 1985).  Its legislative history also "fully supports the conclusion that Congress intended to equate drug trafficking with danger to the community."  *Strong*, 775 F.2d at 507; *see also United States v. Alatishe*, 768 F.2d 364, 370 n.13 (D.C. Cir. 1985) (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), U.S. Code Cong. & Admin. News 1984, p. 3203); *United States v. Munchel*, 991 F.3d 1273, 1283 (D.C. Cir. 2021) (recognizing that "threat of dealing drugs" represents a danger to community warranting pretrial

detention).

Moreover, in this case the defendant was found with a large amount of cocaine in his bedroom that was consistent with distribution.  "It is well recognized that drug trafficking presents a danger to the community."  *United States v. Bell*, 209 F. Supp. 3d 275, 279 (D.D.C. 2016) (Bates, J.) (citing cases); *see also United States v. Munchel*, 991 F.3d 1273, 1283 (D.C. Cir. 2021) (recognizing that "threat of dealing drugs" represents a danger to community warranting pretrial detention).

The presumption is rebuttable and does not shift the ultimate burden of proof from the government's shoulders.  But it does create a burden of *production* on the defense to submit at least some credible evidence that might purport to overcome it. And even if the defense does submit such evidence, the presumption remains as a factor that may be considered by the Court among others in determining whether the defendant should be detained, and the presumption retains "evidentiary weight."  *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991) ("When a defendant produces such evidence, however, the presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight") (citations omitted); *United States v. Rueben*, 974 F.2d. 580, 586 (5th Cir. 1992) (the mere production of evidence [regarding flight risk for a drug offense] does not completely rebut the presumption . . . . In making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society" (citation omitted); *United States v. Rodriguez*, 950 F.2d 85, 88 (2nd Cir. 1991) ("Although the government retains the burden of persuasion, a defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption . . . Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant. . . . *see also United States v. Jessup*, 757 F.2d 378, 382-83 (1st Cir.1985) (rejecting "bursting bubble" approach)" (internal citation omitted)); *see also United States v. Ali*, 793 F.Supp.2d

386, 388 and 388 n.2 (D.D.C. 2011) ("Even if such contrary evidence or credible proffers are offered, the presumption remains as a factor to be considered by the Court amongst others in determining whether the defendant should be detained").

Here, this factor weighs in favor of detention.  The evidence shows that the defendant is clearly involved in the distribution of cocaine.  The charged offense involves the defendant's possession of a highly dangerous weapons loaded with ammunition, despite being legally barred from such possession as a convicted felon.  The firearms that the defendant possessed had the potential to cause grievous bodily injury (or death) to members of the community, law enforcement, or to the defendant himself.

Turning to the firearm charges in the indictment, other courts have recognized the inherent dangerousness of carrying a concealed, loaded firearm.  *See United States v. Gassaway*, 1:21-cr-00550 (RCL), ECF No. 9 (D.D.C. Sept. 16, 2021) ("This Court agrees with other courts in this district that unlawfully carrying a concealed or loaded firearm in public poses a risk of danger to the public."); *United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence," particularly when defendant's prior convictions indicate a predilection for violence); *United States v. Riggins*, 456 F. Supp. 3d 138, 144 (D.D.C. 2020) ("[T]he possession of a firearm, especially while seemingly on a drug such as PCP, presents a serious danger to the community."); *United States v. Howard*, No. 20-mj-181 (BAH), 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community.").

The defendant's possession of two loaded firearms in his bedroom on January 18, 2023—and a prior felony conviction that prohibits him from possessing any firearm—and a prior Carrying a Pistol Without a License conviction plainly demonstrates his danger to the community.  That danger is amplified when the defendant deals in drugs.  This factor, as with all the three prior factors, weighs

heavily in favor of pretrial detention.

**III.**  **Conclusion**

The defendant has repeatedly shown that he is unwilling to comply with the law and by repeatedly possessing firearms.  There is no reason to believe that any condition or combination of conditions of release that would reasonably assure the safety of the community or the defendant's return to court.  The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

Dated: November 15, 2023                    By:    */s/ Shehzad Akhtar*
                                                    Shehzad Akhtar
                                                    D.C. Bar No. 493635
                                                    Assistant United States Attorney
                                                    United States Attorney's Office
                                                    for the District of Columbia
                                                    Federal Major Crimes Section
                                                    601 D Street NW
                                                    Washington, D.C. 20530
                                                    (202) 252-7498
                                                    Shehzad.Akhtar@usdoj.gov